IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| RAFAEL GARZA, IV, | |
| Plaintiff, | CIVIL ACTION NO.: 4:24-cv-264 |
| v. | |
| CORY MICHAEL BARELLA, et al., | |
| Defendants. | |

**O R D E R**

After a careful de novo review of the entire record, the Court concurs with the Magistrate Judge's February 6, 2025, Report and Recommendation, (doc. 21), to which plaintiff objected, (doc. 22). Garza filed this action seeking damages for violations of his constitutional rights arising from a traffic stop. (See generally doc. 1.) Defendants Barella, Lanier, Ballard, and Brinson, through counsel, made a special appearance to challenge the sufficiency of service upon them. (See doc. 7.) Defendant Mobley appeared and moved to dismiss on multiple grounds. (See doc. 9.) As discussed more fully below, the Magistrate Judge recommended that Defendants Barella, Lanier, Ballard, and Brinson's Motion be denied without prejudice and Garza afforded additional time to serve them. (See, e.g., doc. 21, pp. 5-6.) The Magistrate Judge recommended that Defendant Mobley's Motion be granted because the Complaint did not allege sufficient facts to state a claim against Mobley and, to the extent it included factual allegations implicating him, it appeared that he enjoys prosecutorial immunity against such claims. (See id., pp. 6-13.) Finally, the Magistrate Judge denied Garza's Motion for Default Judgment, properly construed as

a request for a clerk's entry of default, as none of the defendants was ever in default. (Id., pp. 13-16.)

The Magistrate Judge issued the Order and Report and Recommendations on February 6, 2025. Pursuant to the applicable provisions of 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72, the parties had fourteen days from that date to challenge the Magistrate Judge's recommendation.[1] See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). The deadline to file objections was, therefore, February 24, 2025.[2] Garza's Objection was not filed until February 28, 2025. (Doc. 22.) Given that the Objection was filed late, the Court might simply disregard it.

---

[1] The response to the Order and Report and Recommendations that Plaintiff filed is titled "Plaintiffs' [sic] Objections to the Magistrate Judge's Report and Recommendations." (Doc. 22, p. 1.) The introduction states that Plaintiff "objects to the following claims: Motion to Dismiss for the Lack of Service, Motion to Dismiss based on Sovereign Immunity, Denial to the Motion for Entry of a Default Judgment, Sovereign Citizen theory, in proper [sic] quotations of case law." (Id.) However, the substance of the filing does not actually include any argument related to several of the proffered objections. First, it appears that Garza's reference to "sovereign immunity" is, in fact, his response to the Magistrate Judge's discussion of the discredited "sovereign citizen" legal theory. (See, e.g., doc. 22, pp. 2-4.) Moreover, the Magistrate Judge's Order and Report and Recommendation does not address Defendant Mobley's assertion of sovereign immunity. (See, e.g., doc. 21, p. 13.) The dispute concerning the "sovereign citizen" theory is discussed in more detail below. There is also no "objection" to the Magistrate Judge's denial of the Motion for Default Judgment. (See generally doc. 22.) Even if there were, the Magistrate Judge's Order on that Motion is not subject to de novo review. When considering a party's objections to a magistrate judge's ruling on a non-dispositive matter, the district judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Otherwise, the magistrate judge's ruling stands. "A ruling is clearly erroneous where either the magistrate judge abused his discretion or the district court, after reviewing the entirety of the record, is left with a definite and firm conviction that a mistake has been made." Jackson v. Deen, 2013 WL 3991793, at *2 (S.D. Ga. Aug. 2, 2013) (citing Pigott v. Sanibel Dev., LLC, 2008 WL 2937804, at *5 (S.D. Ala. July 23, 2008)). A decision by the magistrate judge is contrary to law when it "fails to follow or misapplies the applicable law." Id. (citations omitted). The Magistrate Judge's denial of the Motion for Entry of Default is not "clearly erroneous or contrary to law." To the extent that Garza intended to appeal that determination, that appeal is **DENIED**. (Doc. 22, in part.)

[2] To the extent that Garza believes that his deadline to object is determined by his receipt of the mailed service copy of the Order and Report and Recommendations, he is mistaken. Under the Federal Rules of Civil Procedure, a party may be "served" with a paper, other than a summons and complaint, among other methods by "mailing it to [the party's] last known address—in which event service is complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C), Fed. R. Civ. P. 77(d)(1). However, the Federal Rules also provide an additional three days where a deadline is calculated from the date of service by mail. See Fed. R. Civ. P. 6(d). The deadline would, therefore, have been February 23, 2025. However, since February 23 fell on a Sunday, the deadline was automatically extended until the following Monday, February 24, 2025. See Fed. R. Civ. P. 6(a)(1)(C).

2

Cf. Garcia v. JP Morgan Chase, 2012 WL 13008803, at *1 (N.D. Ga. Mar. 9, 2012) ("[B]ecause Plaintiff filed his objection over two weeks late and without any explanation for the late filing, the Court does not consider the objection."). However, in consideration of Garza's *pro se* status, the Court will address the issues he raises in discussing its determination, after a de novo review, that the Magistrate Judge's analysis is correct.

Charitably construed, Garza's Objection reasserts the argument, previously addressed by the Magistrate Judge, that because he engaged in a commercial transaction to secure the services of a Chatham County Sheriff's Deputy to effect service, service upon a non-party—identified in the proofs of service variously as "James" or "Ofc. James," (see doc. 6, pp. 2-5), and by Defendants as Lieutenant James Self—should be effective. (See doc. 22, pp. 1-2.) The only legal authority he cites is the principle of "*ignorantia lex*" or "*ignorantia juris*." (Id., p. 2.) He argues that the deputy who purported to serve process and Lt. Self "are without excuse for failing to understand the Rules of Federal Civil Procedure regarding Rule 4(e)(2)." (Id.) However, the Federal Rules do not impose any obligation on non-parties. The Rules are absolutely clear that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) . . . ." Fed. R. Civ. P. 4(c)(1). While the deputy may have made a mistake, neither that mistake nor any inaction by Lt. Self alters the fact, recognized by the Magistrate Judge, that Garza has not proven that Defendants Barella, Lanier, Ballard, or Brinson were served by any means recognized by the Federal Rules. (See doc. 21, pp. 2-3.) However, the Magistrate Judge also correctly considered whether Garza had shown "good cause" for his failure to timely serve defendants. (Id., pp. 4-5.) The Court agrees that he has. Accordingly, the Court **ADOPTS** the Magistrate Judge's recommendation. (Id., pp. 5-6.) Defendants' Motion to Dismiss is **DENIED**, without prejudice.

3

(Doc. 7.)  Garza is **DIRECTED** to serve Defendants, by any means authorized by Federal Rule 4(e), by no later than **twenty-one (21) days** from the date of this Order.

Garza's Objection also repeats his assertion, discussed by the Magistrate Judge, that the deputy who attempted service and Lt. Self "conspired against the rights of Plaintiff," in violation of 18 U.S.C. § 241.  (Doc. 22, p. 2.)  As the Magistrate Judge explained, concerning Plaintiff's potential assertion of a claim under 18 U.S.C. §§ 241 and 242 against Defendant Mobley, "those statutes are criminal in nature and cannot be asserted by private plaintiffs."  (Doc. 21, p. 10 (citing Sanders v. Carro, Case No. 5:23 CV 01922, 2024 WL 382454, at *2 (N.D. Ohio Feb. 1, 2024)).)  The Magistrate Judge's statement concerning Garza's ability to assert claims under criminal statutes is correct.  Garza is warned that, as the Magistrate Judge explained, he is subject to the provisions of Federal Rule of Civil Procedure 11.  Since he has now been advised—twice—that he may not assert claims arising from criminal statutes as a private party in a civil case, any further attempt to do so may be construed as frivolous, vexatious, or both, and subject him to sanctions. See Fed. R. Civ. P. 11(b)-(c).

Garza next objects to the Magistrate Judge's discussion of the aspects of his filings that correspond to features common to complaints filed by so-called "sovereign citizens."  (See doc. 22, pp. 2-4.)  However, the Magistrate Judge merely noted the commonalities, (see doc. 21, pp. 19-21), and advised Garza that reliance on purported authorities based on "sovereign citizen" theories could detrimentally affect his ability to pursue his claims.  (Id., p. 21.)  Garza's response that he does not adhere to "sovereign citizen" views does not diminish the Magistrate Judge's reasonable concern and sound recitation of the applicable law.  Since the Magistrate Judge did not recommend any action based upon the apparent "sovereign citizen" features of Garza's filings, his objection is moot.

Garza also addresses the Magistrate Judge's identification of inaccurate citations in his filings. (See doc. 22, pp. 4-5.) He does not dispute that the citations in question were inaccurate as the Magistrate Judge recognized. (Id.) He merely states that his "intent" in the inaccurate citations was to assert the primacy of the United States Constitution over legislative acts and the Judiciary Branch's role in interpreting conflicts between the two. (Id.) The Court recognizes that Plaintiff's citations to Marbury v. Madison, 5 U.S. 137 (1803) are accurate. Again, since the Magistrate Judge merely noted the inaccurate citations and reminded Garza of his responsibility for accuracy, but did not recommend any action, (see doc. 21, p. 22), Plaintiff's objection is moot.

For the reasons explained above, Garza's Objection is **OVERRULED**. (Doc. 22.) As explained above, the Magistrate Judge's Report and Recommendation concerning Defendants Barella, Lanier, Ballard, and Brinson's Motion to Dismiss is **ADOPTED**. (Doc. 21, in part.) Defendants' Motion to Dismiss is **DENIED, without prejudice**. (Doc. 7.) Garza is **DIRECTED** to serve Defendants Barella, Lanier, Ballard and Brinson, by any means authorized by Federal Rule 4(e), by no later than **twenty-one (21) days** from the date of this Order. The Magistrate Judge also recommended that Defendant Mobley's Motion to Dismiss be granted, based upon the Complaint's failure to state any claim against him upon which relief could be granted and his apparent prosecutorial immunity to any claim arising from the facts alleged. (See doc. 21, pp. 6-13.) Garza's Objection does not raise any argument that, even charitably construed,

addresses that recommendation.  (See generally doc. 22.)  The Report and Recommendation is, therefore, **ADOPTED**.  (Doc. 21, in part.)  Defendant Mobley's Motion to Dismiss is **GRANTED**.  (Doc. 9.)  Plaintiff's claims against Defendant Mobley are **DISMISSED**.

**SO ORDERED**, this 7th day of March, 2025.

*/s/ R. Stan Baker*

R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA