UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| RAFAEL GARZA, IV, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV424-264 |
| | ) | |
| CORY MICHAEL BARELLA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER AND REPORT AND RECOMMENDATION**

*Pro se* plaintiff Rafael Garza, IV filed this case alleging that his constitutional rights were violated during a traffic stop and subsequent prosecution. *See generally* doc. 1. He paid the required filing fee and obtained summonses. *See, e.g.,* doc. 3. Defendants Ballard, Barella, Lanier, and Brinson moved to dismiss Garza's Complaint because he had failed to effectively serve them. *See* doc. 7. After concluding that, under applicable Eleventh Circuit authority, Garza was entitled to additional time to effect service, the Court dismissed that Motion, without prejudice, and directed Garza to serve the Defendants. *See* doc. 23. There is no indication that Garza obtained additional summonses, but he did file an Amended Complaint. Doc. 24. Defendants have moved to dismiss both the original Complaint and the Amended Complaint. Docs. 26 & 27.

1

Garza has responded to the Motions. Doc. 28. Those Motions are, therefore, ripe for review.

The Court must first establish the status of Garza's Amended Complaint. Defendant's Motion points out that it could not be filed as a matter of course, pursuant to Federal Rule 15(a)(1), because it was filed more than twenty-one days after their original Motion to Dismiss. *See* doc. 27 at 2. Garza's response does not dispute the Defendants' argument. *See* doc. 28 at 1. To the extent that he addresses the substance of the amendment at all, he explains that it was motivated by the District Judge's admonition that he could not invoke criminal statutes. *See id.* However, despite that admonition, the District Judge's Order does not suggest any direction to or *sua sponte* leave to amend. *See generally* doc. 23.

The Eleventh Circuit, following a prominent treatise, has explained:

> In general, if an amendment that cannot be made as of right is served without obtaining the court's leave or the opposing party's consent, it is without legal effect and any new matter it contains will not be considered unless the amendment is resubmitted for the court's approval. However, some courts have held that an untimely amended pleading served without judicial permission may be considered properly introduced when leave to amend would have been granted had it been

2

sought and when it does not appear that any of the parties will be prejudiced by allowing the change. Permitting an amendment without formal application to the court under these circumstances is in keeping with the overall liberal amendment policy of rule 15(a) and the general desirability of minimizing needless formalities.

*Hoover v. Blue Cross & Blue Shield of Ala.*, 855 F.2d 1538, 1544 (11th Cir. 1988) (quoting 6 Fed. Practice & Procedure § 1485 at 421 (1971)) (emphasis omitted). Even where amendments are not proper as a matter of course, the Federal Rules require that courts "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). As the Supreme Court has explained, "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

A brief review of the Amended Complaint does not reveal any substantial difference from the Complaint. *Compare* doc. 1, *with* doc. 24. Moreover, as explained below, Garza's failure to comply with the District Judge's direction to serve the Defendants mandates dismissal of the

3

Amended Complaint, regardless. It appears that there is no reason why the Court would have denied leave to amend, had Garza sought it. The Court, therefore, **GRANTS** Garza leave to amend his Complaint and considers the Amended Complaint the operative pleading in this case. As such, Defendant's Motion to Dismiss the original Complaint is **DISMISSED as moot**. Doc. 26; *Auto-Owners Ins. Co. v. Tabby Place Homeowners Ass'n, Inc.*, 637 F. Supp. 3d 1342, 1348 n. 4 (S.D. Ga. 2022).

Defendants' Motion to Dismiss the Amended Complaint explains that Garza has failed to effect service as required by the District Judge's Order. *See* doc. 27 at 3. The District Judge specifically directed Garza to serve the Defendants "by no later than **twenty-one (21) days** from the date of this Order." Doc. 23 at 4. The Order was entered on March 7, 2025. Given the automatic three-day extension to that deadline provided by Federal Rule 6(d), Garza was required to effect service by no later than March 31, 2025. *See* Fed. R. Civ. P. 6(d). There is no indication on the docket that Garza was issued additional summonses to effect service and his response to the Motion to Dismiss does not assert that he has taken any action to do so. *See, e.g.,* doc. 28 at 1. As the Defendants' Motion correctly points out, Garza's filing of the Amended Complaint does not

4

have any effect on service deadlines. *See* doc. 27 at 3; *see also, e.g., Durgin v. Mon*, 659 F. Supp. 2d 1240, 1259 (S.D. Fla. 2009) (deadline for service "is not re-started as to a defendant already named in a prior complaint."). Garza has, therefore, failed to timely serve any of the Defendants.

As the Court previously explained, *see* doc. 21 at 3-5, before dismissing an action, without prejudice, where service is not timely effected, the court must consider whether there is "good cause" for the plaintiff's failure to timely serve. *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1282 (11th Cir. 2007). "Good cause exists only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Id.* at 1281 (internal quotation marks, alterations, and citation omitted). Even in the absence of such a showing, courts "must still consider whether any other circumstances warrant an extension of time based on the facts of the case." *Id.* at 1282. "Only after considering whether any such factors exist may the district court exercise its discretion and either dismiss the case without prejudice or direct that service be effected within a specified time." *Id.*

First, the Court cannot find that Garza has shown good cause for his failure to timely serve Defendants. He does not identify *any* reason for his failure, much less an "outside factor," which prevented him from serving Defendants within the extended deadline provided by the District Judge. "Most courts applying the term 'good cause' . . . have found it only if the plaintiff has been diligent in attempting to serve the complaint." *United States v. Coldwell Banker Bullard Realty Co., Inc.*, 2009 WL 10664944, at *2 (N.D. Ga. July 22, 2009) (citing *Bryant v. Brooklyn Barbecue Corp.*, 130 F.R.D. 665, 667 (W.D. Mo. 1990)). Given the lack of any showing that he was diligent, the Court finds that Garza has not shown "good cause" for his failure to timely serve Defendants.

Although *Lepone-Dempsey* requires the consideration of whether "other factors" warrant extending a plaintiff's deadline to serve a complaint, it does not provide a list of those factors. Among the factors specifically mentioned is "the running of a statute of limitations," because, in such circumstances, dismissal without prejudice "effectively bar[s the plaintiff's] claims . . . ." 476 F.3d at 1282. However, there is no apparent danger that Garza's claims would be barred by any statute of limitations if the Court dismisses them. His Amended Complaint alleges

that the relevant events occurred in February 2024. *See* doc. 24 at 2. All of the claims appear to be subject to Georgia's two-year statute of limitations for tort claims. *See* O.C.G.A. § 9-3-33; *Davis v. Swann*, 2025 WL 551815, at *3 (11th Cir. Feb. 19, 2025) (citing *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008)). Another possible factor justifying a permissive extension is whether "the defendant is evading service or conceals a defect in attempted service." *Lepone-Dempsey*, 476 F.3d at 1282 (internal quotation marks and citation omitted). There is no indication the Defendants have attempted to evade service and they have promptly brought defects in the attempted service to the Court's, and thus Plaintiff's, attention. Moreover, other than referring to his "misunderstanding," Garza's response, doc. 28, does not point to any fact that suggests a basis for a discretionary extension. *See, e.g., Mathis v. CSX Transp.*, 2022 WL 414395, at *3 (11th Cir. Feb. 11, 2022) (affirming dismissal for *pro se* plaintiff's failure to serve despite "a general misunderstanding of the litigation process. . .").

Accordingly, Defendant's Motion to Dismiss should be **GRANTED**. Doc. 27. Plaintiff does not dispute that he has failed to serve Defendants within the extended deadline provided in the District Judge's Order. *See*

7

doc. 28.  The Court cannot find good cause to extend that deadline further because Garza has not shown that he was diligent in attempting to serve Defendants.  Finally, the Court cannot find that there is any "other factor" warranting a discretionary extension.  Thus, Plaintiff's Amended Complaint should be **DISMISSED, without prejudice**, doc. 24, for his failure to timely serve Defendants.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 18th day of April, 2025.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA