UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| RAFAEL GARZA, IV, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CORY MICHAEL BARELLA, *et al.*, )<br>)<br>Defendants. ) | CV424-264 |

## ORDER AND REPORT AND RECOMMENDATION

*Pro se* plaintiff Rafael Garza, IV filed this case alleging that his constitutional rights were violated during a traffic stop and subsequent prosecution. *See generally* doc. 1. He paid the required filing fee and obtained summonses. *See, e.g.,* doc. 3. Defendants Ballard, Barella, Lanier, and Brinson moved to dismiss Garza's Complaint because he had failed to effectively serve them. *See* doc. 7. After concluding that, under applicable Eleventh Circuit authority, Garza was entitled to additional time to effect service, the Court dismissed that Motion, without prejudice, and directed Garza to serve the Defendants. *See* doc. 23. After Garza failed to effect service within the extended deadline, the Defendants moved to dismiss. Doc. 27. The undersigned recommended that the Motion be granted and Garza's Amended Complaint dismissed. Doc. 30.

1

Garza has objected to that recommendation, doc. 31, and Defendants have responded, doc. 32. Because the Court concludes that Garza's Objection shows a sufficient basis to grant **one final** extension of his deadline to serve Defendants, the prior Report and Recommendation is **VACATED**. Doc. 30.

As the Court previously explained, *see* doc. 21 at 3-5, before dismissing an action, without prejudice, where service is not timely effected, the court must consider whether there is "good cause" for the plaintiff's failure to timely serve. *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1282 (11th Cir. 2007). "Good cause exists only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Id.* at 1281 (internal quotation marks, alterations, and citation omitted). Even in the absence of such a showing, courts "must still consider whether any other circumstances warrant an extension of time based on the facts of the case." *Id.* at 1282. "Only after considering whether any such factors exist may the district court exercise its discretion and either dismiss the case without prejudice or direct that service be effected within a specified time." *Id.*

Garza's Objection asserts that he failed to serve Defendants within his extended deadline due to his confusion concerning the status of his Amended Complaint. *See* doc. 31 at 1. His explanation is, charitably, difficult to understand. However, he alleges that he was informed by Court personnel that "re-service is not required since the case in its entirety is not dismissed, and the only thing Plaintiff needed to do is ensure that the Defendants receive said amended court documents." Doc. 31 at 1. He asserts that he "cannot re-serve Defendants without receiving another summons." *Id.*

While the Court cannot discern exactly what the communications between the Deputy Clerk and Plaintiff were, Plaintiff is at least arguably correct that the Amended Complaint could not be effectively served if it were attached to the summonses issued for the original Complaint. *Cf. Comer v. Interstate United Corp.*, 118 F.R.D. 79, 81 (N.D. Ill. 1987) ("The summons issued with the original complaint was invalid because the original summons and complaint were not served . . . within" the time limit imposed by the Federal Rules); 4A Adam N. Steinman, Federal Practice & Procedure § 1085 (4th ed. Apr. 2025) ("It used to be thought that once process was issued, it remained alive until it was

effectively served, despite any delay," but "[t]he life of a summons under present practice . . . is 90 days."). Since the original summonses were issued more than ninety days before the apparent request, they were, and remain, no longer valid. As explained below, the Court finds that additional time to serve is appropriate and will, therefore, require new process to issue. *See* Fed. Prac. & Proc. § 1085 ("[I]t is possible that the court may require a new summons to be issued by the plaintiff.").

Defendants have filed a response that argues, forcefully if not ultimately compellingly, that the Report and Recommendation should be adopted. *See* doc. 32. It points out that, formally, the Objection is not sufficiently pointed in addressing the Report and Recommendation. *See id.* at 1. While that argument is plausible, it does not fully account for the Court's obligation to charitably construe *pro se* pleadings. *See, e.g., Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Defendants' response also correctly points out that Garza's *pro se* status does not excuse him from compliance with the applicable procedural rules. *See* doc. 32 at 3 (citing *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007)). That argument is absolutely correct and, the Court anticipates, is addressed by the admonition below.

Without diminishing the zealous advocacy by Defendants' counsel, the Court finds the balance of the equities compels affording Plaintiff one final opportunity to effect service. *Lepone-Dempsey* makes clear that the discretion to extend a service deadline, absent good cause, should be exercised "based on the facts of the case." 476 F.3d at 1282. Here, several factors support the conclusion that a discretionary extension is warranted: (1) requiring Plaintiff to pay a second filing fee to pursue this case if it were dismissed without prejudice is overly punitive; (2) dismissal without prejudice would likely result in additional delay; (3) Defendants do not assert that they have suffered any prejudice from the delay in service and the Court can discern none; (4) affording Plaintiff a forum to litigate alleged violations of Constitutional rights by state actors is of significant systemic value; and (5) the Eleventh Circuit strongly prefers that cases be decided on the merits, *cf. Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1332 (11th Cir. 2014) ("[W]e have a strong preference for deciding cases on the merits . . . whenever reasonably possible.").

Although the Court concludes a final discretionary extension is warranted, as indicated above, the issue raised in Garza's Objection requires the Court to advise him concerning his responsibilities as a *pro*

5

*se* litigant. First, as the Court previously noted, *see* doc. 29, when Judge Baker's Order directing Garza to effect service on Defendants entered, Garza had not filed his Amended Complaint. *Compare* doc. 23, *with* doc. 24. As the undersigned's prior Order noted, that amendment could not be made as a matter of right. *See* doc. 29 at 1. Thus, the Amended Complaint was not properly filed until leave to amend was granted. *See id.* at 4. It is not clear from Garza's Objection whether he requested the new summonses before or after leave was granted, but it appears that it was before. *See generally* doc. 31 at 1. However, even assuming that the request was made after leave was granted, Garza's reported statements to the Deputy Clerk about a direction to "re-serve" are inaccurate. Garza was not directed to "re-serve" for the simple reason that Judge Baker found that he had never served Defendants in the first place. *See* doc. 23 at 4 ("Garza is DIRECTED *to serve* Defendants . . . ." (emphasis added)). Finally, whenever the Deputy Clerk made whatever statement Garza construed as a refusal to issue summonses that Garza believed he needed to comply with the District Judge's Order, he never filed a motion requesting that the Court direct such issuance. *See generally* docket. It

6

is, therefore, clear that Garza is substantially, if not exclusively, responsible for the confusion.

To avoid any further confusion, Garza is advised that he may not seek any advice from court staff or employees concerning how to litigate this case, including the application of legal authorities or interpretation of this Court's Orders. As a *pro se* litigant, Garza is responsible for determining for himself how legal authorities, including but not limited to the Federal Rules of Civil Procedure, apply to the circumstances of his case. He is also responsible for interpreting any order from the Court. If he believes that clarification of any court order is necessary, he must request such clarification *from the Court* by motion. *See, e.g.,* Fed. R. Civ. P. 7(b). To the extent that he seeks legal advice, and he believes that the resources available to him as a *pro se* litigant are insufficient, he remains free to seek the advice of qualified counsel.

Accordingly, Defendants' Motion to Dismiss should be **DENIED** without prejudice. Doc. 27. Plaintiff is **DIRECTED** to present new summonses to the Clerk by no later than May 16, 2025. *See* Fed. R. Civ. P. 4(b). Upon Plaintiff's timely presentation of the new summonses, the Clerk is **DIRECTED** to issue them. *Id.* Plaintiff is **DIRECTED** to serve

the Defendants by no later than June 6, 2025.  *See, e.g.,* Fed. R. Civ. P. 4(m).  Finally, Garza is **DIRECTED** to file proofs of service by no later than June 13, 2025.  Fed. R. Civ. P. 4(l).

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 9th day of May, 2025.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA