IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| RAFAEL GARZA, IV,<br><br>  Plaintiff,<br><br>v.<br><br>CORY MICHAEL BARELLA, et al.,<br><br>  Defendants. | CIVIL ACTION NO.: 4:24-cv-264 |

**O R D E R**

After a careful de novo review of the entire record, the Court concurs with the Magistrate Judge's May 9, 2025, Report and Recommendation, (doc. 33), to which plaintiff objected, (doc. 34). Garza filed this action seeking damages for violations of his constitutional rights arising from a traffic stop. (See generally doc. 1.) Defendants Barella, Lanier, Ballard, and Brinson, through counsel, made a special appearance to challenge the sufficiency of service upon them. (See doc. 7.) The Court denied that Motion, without prejudice, and granted Garza additional time to effect service upon Defendants. (Doc. 23.) Garza filed an Amended Complaint, (doc. 24), and Defendants filed a second Motion to Dismiss for failure to serve, (doc. 27). After additional confusion concerning the issuance of a new summons, the Magistrate Judge directed Garza to request a new summons. (Doc. 33.) Garza failed to timely comply with the Magistrate Judge's Order. (See docs. 34, 35 & 37.) He has requested an extension of time to comply and effect service. (Doc. 35.) For the reasons explained below, that Motion is **DENIED**. (Doc. 35.) To the extent that Garza objects to the Report and Recommendation, his objections are **OVERRULED**. (Doc. 34.) Because Garza's unexcused failure to comply timely

obviates the Magistrate Judge's otherwise sound recommendation on Defendants' Motion, the Court **DISMISSES** the Report and Recommendation as moot. (Doc. 33.) Defendant's Motion to Dismiss is **GRANTED**. (Doc. 27.) Plaintiff's Amended Complaint is **DISMISSED, without prejudice**. (Doc. 24); see also Fed. R. Civ. P. 4(m).

On May 9, 2025, the Magistrate Judge vacated his prior Order and Report and Recommendation, to address confusion concerning the reissuance of a summons and filing of the Amended Complaint. (See generally doc. 33.) The Magistrate Judge ordered Garza "to present new summonses to the Clerk by no later than May 16, 2025," and to serve Defendants by no later than June 6, 2025. (Id., pp. 7-8.) On May 19, 2025, Garza filed "objections" to the Report and Recommendation, (doc. 34), and requested additional time to comply with the Order, (doc. 35.) The "objection" can be resolved quickly. The only recommendation the Magistrate Judge made was that the Defendants' Motion to Dismiss be denied without prejudice. (Doc. 33, p. 7.) Garza does not object to that recommended disposition. (Doc. 34.) Instead, his "objection," merely requests additional time to comply with the Magistrate Judge's Order. (See id., p. 1 ("Plaintiff respectfully objects to the timeline of filing new summons to the Clerk of the Court and serving Defendants' by 6 June 2025 . . . .").) That ruling is subject to review to determine whether it is clearly erroneous or contrary to law. See Fed. R. Civ. P. 72(a). "A ruling is clearly erroneous where either the magistrate judge abused his discretion or the district court, after reviewing the entirety of the record, is left with a definite and firm conviction that a mistake has been made." Jackson v. Deen, 2013 WL 3991793, at *2 (S.D. Ga. Aug. 2, 2013) (citing Pigott v. Sanibel Dev., LLC, 2008 WL 2937804, at *5 (S.D. Ala. July 23, 2008)). A decision by the magistrate judge is contrary to law when it "fails to follow or misapplies the applicable law." Id. (citations omitted).

2

The deadlines imposed in the Magistrate Judge's Order are not clearly erroneous or contrary to law. Garza's "Objection" is, therefore, **OVERRULED**. (Doc. 34.)

Garza also moves to extend the deadlines imposed by the Magistrate Judge. (Doc. 35.) The Magistrate Judge explicitly directed Garza to request a summons from the Clerk by no later than May 16, 2025. (Doc. 33, p. 7.) While the Federal Rules provide a three-day extension when parties are served by mail, see Fed. R. Civ. P. 6(d), that extension does not apply when an order imposes a date certain for compliance, see, e.g., Willis v. Bowman, 4:23-cv-40, 2023 WL 3337247, at *1 n. 1 (S.D. Ga. May 10, 2023) (citing Martin v. Vigil, 1:19-CV-00884-RB-KRS, 2021 WL 1256154, at *2 n. 2 (D.N.M. Apr. 1, 2021) ("Because [the Magistrate Judge] specified a date certain . . ., the 'extra-three-day rule" for mailings required by Federal Rule of Civil Procedure 6(d) does not apply . . . .")). Since Garza requested an extension on May 19, 2025, after the deadline expired, he must show both that there is good cause for the extension and that he failed to act timely because of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). Defendants' response points out that his explanation for his failure to act precludes either finding. (Doc. 37.) First, the Motion concedes that he received the Order and Report and Recommendation on May 14, 2025. (Doc. 35, p. 1.) However, he did not open the correspondence for five days, until May 19, 2025. (Id.) He was apparently able to file his extension request that same day. (See id., p. 2.) His reply confirms that sequence. (Doc. 38, p. 1.) The sequence of events that Plaintiff discloses show that, had he opened the service copy of the Order and Report and Recommendation when he received it, he could have, at least, requested an extension before the deadline expired. While pro se parties are entitled to have their pleadings liberally construed, "[l]iberal construction does not mean liberal deadlines." Wayne v. Jarvis, 197 F.3d 1098, 1104 (11th Cir. 1999) (citation omitted), overruled on other grounds by Manders v. Lee, 338 F.3d 1304 (11th Cir. 2003).

3

Because Garza was not diligent in attending to the Court's instruction, he cannot show either good cause or excusable neglect, and his request for an extension is **DENIED**.  (Doc. 35.)

Finally, the Court must address Garza's failure to timely serve Defendants.  The Magistrate Judge originally recommended that Defendants' Motion be granted.  (See doc. 30, pp. 4-8.)  Based on Garza's Objection, (doc. 31), and Defendants' response, (doc. 32), the Magistrate Judge concluded that "**one final** extension of [Plaintiff's] deadline to serve Defendants," was warranted.  (Doc. 33, p. 2.)  Based on that conclusion, the Magistrate Judge directed Garza to request new summonses, as discussed above.  (Id., p. 7.)  As also discussed above, Garza has failed to comply with that Order and he has failed to provide any sufficient reason to excuse his failure.  Since Plaintiff has not taken advantage of the Magistrate Judge's "**one final** extension," the R&R's determination that it was otherwise warranted is moot.  (See doc. 33, p. 5.)  The R&R is, therefore, **DISMISSED** as moot.  (Id.)  Instead of that recommendation, the Court concludes that the prior Report and Recommendation, which discussed the reasons why Defendants' Motion should be granted, is, again, persuasive.  (See doc. 30, pp. 4-8.)  Because the Magistrate Judge vacated that R&R, the Court repeats the prior analysis, which is adopted, for purposes of completeness.  See, e.g., 28 U.S.C. § 636(b)(1)(C) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.").

Defendants' Motion to Dismiss the Amended Complaint explains that Garza has failed to effect service as required by the District Judge's Order.  (See doc. 27, p. 3.)  The Court's Order specifically directed Garza to serve the Defendants "by no later than **twenty-one (21) days** from the date of this Order."  (Doc. 23, p. 4.)  The Order was entered on March 7, 2025.  Given the automatic three-day extension to that deadline provided by Federal Rule 6(d), Garza was required

4

to effect service by no later than March 31, 2025. See Fed. R. Civ. P. 6(d). There is no indication on the docket that Garza was issued additional summonses to effect service and his response to the Motion to Dismiss does not assert that he has taken any action to do so. See, e.g., doc. 28 at 1. As the Defendants' Motion correctly points out, Garza's filing of the Amended Complaint does not have any effect on service deadlines. (See doc. 27, p. 3); see also, e.g., Durgin v. Mon, 659 F. Supp. 2d 1240, 1259 (S.D. Fla. 2009) (deadline for service "is not re-started as to a defendant already named in a prior complaint."). Garza, therefore, failed to timely serve any of the Defendants.

As the Court previously explained, (see doc. 21, pp. 3-5), before dismissing an action, without prejudice, where service is not timely effected, the court must consider whether there is "good cause" for the plaintiff's failure to timely serve. Lepone-Dempsey v. Carroll Cnty. Comm'rs, 476 F.3d 1277, 1282 (11th Cir. 2007). "Good cause exists only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." Id. at 1281 (internal quotation marks, alterations, and citation omitted). Even in the absence of such a showing, courts "must still consider whether any other circumstances warrant an extension of time based on the facts of the case." Id. at 1282. "Only after considering whether any such factors exist may the district court exercise its discretion and either dismiss the case without prejudice or direct that service be effected within a specified time." Id.

First, the Court cannot find that Garza has shown good cause for his failure to timely serve Defendants. He does not identify any reason for his failure, much less an "outside factor," which prevented him from serving Defendants within the extended deadlines provided. "Most courts applying the term 'good cause' . . . have found it only if the plaintiff has been diligent in attempting to serve the complaint." United States v. Coldwell Banker Bullard Realty Co., Inc., No. 1:08-

CV-3427-MHS, 2009 WL 10664944, at *2 (N.D. Ga. July 22, 2009) (citing Bryant v. Brooklyn Barbecue Corp., 130 F.R.D. 665, 667 (W.D. Mo. 1990)).  Given the lack of any showing that he was diligent, the Court finds that Garza has not shown "good cause" for his failure to timely serve Defendants.  Plaintiff's lack of diligence is only confirmed by his failure to timely respond to the Court's Order, discussed above.

Although Lepone-Dempsey requires the consideration of whether "other factors" warrant extending a plaintiff's deadline to serve a complaint, it does not provide a list of those factors. Among the factors specifically mentioned is "the running of a statute of limitations," because, in such circumstances, dismissal without prejudice "effectively bar[s the plaintiff's] claims . . . ." 476 F.3d at 1282.  However, there is no apparent danger that Garza's claims would be barred by any statute of limitations if the Court dismisses them.  His Amended Complaint alleges that the relevant events occurred in February 2024.  (See doc. 24, p. 2.)  All of the claims appear to be subject to Georgia's two-year statute of limitations for tort claims.  See O.C.G.A. § 9-3-33; Davis v. Swann, No. 23-13524, 2025 WL 551815, at *3 (11th Cir. Feb. 19, 2025) (citing McNair v. Allen, 515 F.3d 1168, 1173 (11th Cir. 2008)).  Another possible factor justifying a permissive extension is whether "the defendant is evading service or conceals a defect in attempted service." Lepone-Dempsey, 476 F.3d at 1282 (internal quotation marks and citation omitted).  There is no indication the Defendants have attempted to evade service and they have promptly brought defects in the attempted service to the Court's, and thus Plaintiff's, attention.  Moreover, other than referring to his "misunderstanding," Garza's response, (doc. 28), does not point to any fact that suggests a basis for a discretionary extension.  See, e.g., Mathis v. CSX Transp., No. 21-12527, 2022 WL 414395, at *3 (11th Cir. Feb. 11, 2022) (affirming dismissal for *pro se* plaintiff's failure to serve despite "a general misunderstanding of the litigation process. . .").  Again, to the extent

that his subsequent filings clarify the nature of his "confusion," they do not present any valid basis for a discretionary extension.

Accordingly, Defendant's Motion to Dismiss is **GRANTED**.  (Doc. 27.)  Plaintiff does not dispute that he has failed to serve Defendants within the extended deadline provided in the Court's prior Order.  (See docs. 28, 34 & 35.)  The Court cannot find good cause to extend that deadline further because Garza has not shown that he was diligent in attempting to serve Defendants.  Finally, the Court cannot find that there is any "other factor" warranting a discretionary extension.  Thus, Plaintiff's Amended Complaint is **DISMISSED, without prejudice**, (doc. 24), for his failure to timely serve Defendants, Fed. R. Civ. P. 4(m).  The Clerk is **DIRECTED** to **CLOSE** this case.

**SO ORDERED**, this 30th day of May, 2025.

_____
R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA